# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03 CR 484 |
| ) | Judge Joan H. Lefkow |
| JULIO RICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM DECISION

On May 8, 2003, defendant Julio Rice was charged in a three-count indictment with two counts of being a felon-in-possession, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). On September 23, 2004, a five-count superseding indictment was returned charging defendant with the same three counts as were charged in the original indictment; Counts One and Five relate to the felon-in-possession charges, and Count Two relates to the possession of a gun with an obliterated serial number charge. Defendant was also charged with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Three), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). The felon-in possession charges relate to two separate incidents where defendant, who allegedly had been convicted of a previous felony punishable by a term of imprisonment exceeding one year, was found to be in possession of at least one firearm. One such incident occurred on October 29, 2004 (Count One), the other on January 12, 2003 (Count Five). Counts Two, Three and Four all relate to the offense charged in Count One, in that defendant was found with the drugs and the guns on October 29, 2002.

Defendant has moved to dismiss the superseding indictment [#49]; to quash and suppress evidence concerning the arrest on October 29, 2002 [#46] and an arrest on January 12, 2003 [#47]; to sever joined counts in the superseding indictment [#48]; and a motion concerning "prior bad acts" under Federal Rule of Evidence 404(b) [#50]. The motion to dismiss the indictment raises the same issues as presented in defendant's motion to dismiss counts one and five of the superseding indictment [#62], which was denied on January 10, 2005 [64]. This motion [#49] is, therefore, moot.

*Motions to Quash and Suppress Evidence Concerning Arrests of October 29, 2002 and January 12 2003.*

Defendant alleges that at the time of his arrest on October 29, 2002, he had gotten out of his car and was walking towards an apartment building at 1636 West Ohio Street, Chicago. Defendant further alleges that at the time of his arrest at or near Ashland and Blackhawk Avenues in Chicago on January 12, 2003, he was a passenger in an automobile driven by Robert J. Favela. On both occasions, he asserts, his conduct could not have been reasonably interpreted as violative of any law or to constitute probable cause that he was committing or about to commit a criminal offense. As such, the arrests were without probable cause and the evidence seized after the arrests must be suppressed.

The government proffers that on October 29, 2002, Chicago police officers Pablo Vasquez and Juan Rodriguez were driving in a squad car when they observed a car traveling south on Ashland make a right turn onto Ontario Street and then make a U-turn and go back to Ashland. They saw the car then make a right turn onto Ashland and continue south. They observed the car then make a right turn onto Ohio Street without signaling the turn. The officers

activated their emergency equipment and the car slowed down at or around 1636 West Ohio. They observed defendant get out of the car and flee towards 1636 West Ohio. The officers saw defendant carrying a blue bag in his left hand and a stainless steel handgun in his right hand as he ran toward the building. They chased defendant to the 1636 West Ohio address, where they observed defendant toss the gun onto the stairwell and try to shut the door. The officers were able to prevent defendant from shutting the door all the way and they chased him up the stairs of the building. Defendant punched and pushed the officers before the officers were able to effect the arrest. Thereafter, Officer Vasquez returned to the stairwell and recovered the stainless steel handgun and the blue bag, in which the officers found marijuana, additional guns and ammunition.

The government proffers that on January 12, 2003, Chicago police officers Wilfredo Roman and William Grant were patrolling in a squad car when they observed a car driven by an individual later identified as Robert Favela chase another car through the intersection of Bosworth and Blackhawk Streets without stopping at a stop sign at that intersection. The officers stopped the car at the intersection of Ashland and Blackhawk, and as they approached the car on foot, the car sped away. The officers returned to their car and chased Favela's car to another location where they saw defendant throw a black gun out of the window of the car. The officers then arrested defendant and recovered the black handgun near the passenger side door of the car.

The burden is on the defendant to establish that a hearing is necessary on a motion to suppress. *United States* v. *Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995); *United States* v. *Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). "A defendant must present definite, specific, detailed, and nonconjectural facts that justify relief before a district court will grant a suppression hearing."

3

*Randle*, 966 F.2d at 1212 (internal quotation marks omitted); *see Rodriguez*, 69 F.3d at 141 (same). Although this court does not require the defendant to proffer an affidavit, it does require him to make a showing such that if a hearing were held a genuine issue of material fact would have to be resolved. The government represents that defendant has had access to the police reports before he filed the motions, yet he submits nothing that would controvert any of the specific facts proffered by the government. Under these circumstances, defendant's self-serving profession of unsuspicious conduct is insufficient to justify an evidentiary hearing on the motion. In each instance, if the officers' accounts of the circumstances are accepted as true, they had probable cause to effect a traffic stop, and defendant's responsive conduct certainly constituted probable cause to effect an arrest. For these reasons, the motions to suppress and quash are denied.

*Motion to Sever Joined Counts in Superseding Indictment.*

Defendant argues that the charge based on the October 29, 2002 conduct (Counts One through Four) is unrelated to the charge based on the January 12, 2003 conduct. He seeks severance under the doctrine that counts properly joined in a single indictment may be severed if undue prejudice would result to the defendant. *E.g., United States v. Freland*, 141 F.3d 1223, 1226-27 (7th Cir. 1998) ("Rule 14 [of the Federal Rules of Criminal Procedure] provides for severance of offenses in cases in which a party is prejudiced by joinder."); *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) ("If it appears that a defendant . . . is prejudiced to by a joinder of offenses . . . in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts . . . or provide whatever relief justice requires."). Defendant argues that joinder of these offenses will deprive defendant of a fair trial

4

because guns are involved on both offense dates; the offenses are similar, causing the jury to infer that defendant had a propensity to commit this type of crime; and since guns are viewed as opprobrious, the jury will convict on the basis of its emotional reaction rather than proof beyond a reasonable doubt. Defendant cites no cases presenting analogous circumstances where severance was granted.

The government, on the other hand, relies on Federal Rule of Criminal Procedure 8(a): "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction . . . ." The Seventh Circuit has stated, however, "Although Rule 8(a) speaks to nothing more than the similarity between joined counts, this court, following the lead of the eighth circuit, has opined that this kind of joinder is permitted if 'the counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps.'" *United States* v. *Coleman*, 22 F.3d 126, 131 (7th Cir. 1994) (citations omitted). Although Rule 8 "represent[s] a strong preference, in language and policy, for broadly construing the propriety of joinder as an initial matter . . . ," under Rule 14 "district courts . . . should not hesitate to order severance at any point after indictment if the risk of real prejudice grows too large to justify whatever efficiencies a joint trial does provide." *Id.* at 134 (internal citation omitted).

The separate incidents here are closer in time but otherwise comparable to those presented in *United States* v. *Walls*, 80 F.3d 238, 242-43 (7th Cir. 1996) (not improper to join two charges concerning incidents four years apart and involving two different types of handguns); and *Freland*, 141 F.3d at 1227-28 (district court did not abuse discretion in declining to sever

5

two unrelated charges of bank robbery which occurred during the same year). As in the cited cases, the court is not persuaded that severance is needed here. Count Five is of a similar character to Count One, and Counts Two through Four are based on the same transaction. The events in Count Five occurred within three months after the events in Count One. As in *Freland*, proof of Count Five should be straightforward and not complex. The court is confident that the jury will be able to separate this event from the October 29 events as it will be instructed, and it is unlikely that the later incident will be the source of prejudice deriving from an improper inference of criminal disposition.

For these reasons, the motion to sever Count Five is denied.

*Motion to require notice of intention to use other Crimes, Wrongs, or Acts Evidence.*

The court accepts the government's representation that it will make proper and timely disclosures. The motion is denied without prejudice.

## ORDER

Defendant's motion to dismiss the superseding indictment [#49] is denied; to quash and suppress evidence concerning the arrest on October 29, 2002 [#46] is denied; and an arrest on January 12, 2003 [#47] is denied; to sever joined counts in the superseding indictment [#48] is denied, and a motion concerning "prior bad acts" under Federal Rule of Evidence 404(b) [#50] is denied without prejudice. The motion to dismiss the indictment [#49] is moot.

Dated: February 18, 2005

ENTER:

*[signature]*
JOAN HUMPHREY LEFKOW
United States District Judge